## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | | |
|---|---|---|
| LORI CHAVEZ-DEREMER, | ) | |
| Secretary of Labor, | ) | CIVIL ACTION NO. |
| United States Department of Labor, | ) | |
| | ) | |
| Plaintiff | ) | _____ |
| v. | ) | |
| | ) | |
| CLYDE JOHNSON CONTRACTING & | ) | |
| ROOFING, INC, | ) | |
| | ) | **COMPLAINT** |
| Defendant. | ) | **(Injunctive Relief Sought)** |

This cause of action, which arises under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.*, hereinafter the Act or the FLSA, is brought by the Secretary of Labor, pursuant to Section 17 of the Act, to restrain the Defendant, Clyde Johnson Contracting & Roofing, Inc., from violating Section 12(c) of the Act, 29 U.S.C. § 212(c).

### JURISDICTION AND VENUE

1.      This court has jurisdiction over this action pursuant to Section 17 of the FLSA, 29 U.S.C. § 217, and 28 U.S.C. §§ 1331 and 1345.

2.      Venue is proper in this court because the events giving rise to the claim occurred in this judicial district.

## FACTUAL ALLEGATIONS

3.     Plaintiff Lori Chavez-DeRemer, the Secretary of Labor, is authorized to bring actions to restrain violations of Section 12 of the FLSA. *See* 29 U.S.C. §§ 215 and 217.

4.     Defendant Clyde Johnson Contracting & Roofing, Inc. is a limited liability company organized under the laws of Florida with a principal office located in Hendry County at 206 Lotus Street, Clewiston, Florida 33440.

5.     Defendant is a roofing and construction company performing commercial and residential work throughout Florida.

6.     At all times hereinafter mentioned:

    A. Defendant is engaged in related activities, performed either through unified operation or common control for a common business purpose, that constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

    B. Such enterprise, which employed employees engaged in commerce or in the production of goods for commerce, and employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the

2

retail level which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

C. Therefore, during the period at issue, employees were employed in an enterprise engaged in commerce or in the production of good for commerce, meaning of Section 3(r) and/or 3(s)(1) of the Act, and the employees and the enterprise were, therefore, subject to Section 12 and 15 of the Act, 29 U.S.C. §§ 212 and 215.

8. Between March 6, 2023 and April 7, 2023, Defendant violated the provisions of §§ 12(c) and 15(a)(4) of the Act, 29 U.S.C. §§ 212(c) and 215(a)(4), and regulations found at 29 C.F.R., Part 570, by employing oppressive child labor, within the meaning of § 3(1) of the Act, 29 U.S.C. § 203(1), in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, as aforesaid, in that Defendant employed one minor under the age of eighteen who was working on or about a roof and operated a power-driven hoisting apparatus in violation of Child Labor Reg. 3, found at 29 C.F.R. §§ 570.58 and 570.67.

## PRAYER FOR RELIEF

WHEREFORE, cause having been shown, the Secretary respectfully requests that the Court enter judgment against Defendant and provide the following relief:

A. Issue an order permanently enjoining and restraining Defendant, its officers, agents, servants, and employees, and those persons in active concert or participation with it, from violating the provisions of Section 12(c) of the Act, 29 U.S.C. § 212(c); and

B. Issue an order awarding the Secretary with any other relief the Court deems necessary and appropriate.

*[Signature on Following Page]*

Respectfully submitted,

This 24th day of March, 2026.


ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Regional Solicitor
Room 7T10
Atlanta, GA  30303

(678) 237-0623 (telephone)
(404) 302-5438 (facsimile)
Gainey.john.o@dol.gov
murphy.kristin.r@dol.gov
atl.fedcourt@dol.gov

JONATHAN BERRY
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

KRISTIN R. MURPHY
Counsel for Wage and Hour

By: */s/ John O. Gainey*
JOHN O. GAINEY
Trial Attorney

Office of the Solicitor,
U. S. Department of Labor,
Attorneys for Plaintiff